Billy Joe ARMENTO–BEY, Appellant,

v.

Charley HARPER, Appellee.

No. 94–4058.

United States Court of Appeals, Eighth Circuit.

Submitted June 28, 1995.

Decided Oct. 10, 1995.

Billy Joe Armento–Bey, pro se.

Appellee was never served.

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Iowa inmate Billy Joe Armento–Bey appeals the district court's dismissal as frivo-

lous of his 42 U.S.C. § 1983 action. We reverse.

Armento–Bey filed this pro se complaint alleging that he was denied the right to present certain evidence at his disciplinary hearing for improper contact with a female officer. He expressly stated that he sought relief in the form of damages only, and not restoration of good time. Citing *Heck v. Humphrey,* —— U.S. ——, ——, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), the district court dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(d), reasoning that Armento–Bey's claim for damages was not cognizable under section 1983, as he had not alleged the disciplinary decision had been invalidated. Armento–Bey appeals.

The district court abused its discretion in dismissing the complaint, *see Cokeley v. Endell,* 27 F.3d 331, 332 (8th Cir.1994) (standard of review for § 1915(d) dismissal), as Armento–Bey's procedural due process claim has an arguable basis in fact and law. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989); *Wolff v. McDonnell,* 418 U.S. 539, 554, 566, 94 S.Ct. 2963, 2973–74, 2979–80, 41 L.Ed.2d 935 (1974) (inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense; damages claim challenging procedures used to deprive prisoners of good time properly before court). Contrary to the district court's conclusion, the *Heck* court explicitly stated that *Wolff* claims do not "call into question the lawfulness of the plaintiff's continuing confinement," and again recognized that section 1983 claims "for using the wrong procedures, [rather than] for reaching the wrong result (*i.e.,* denying good-time credits)," are cognizable. *Heck,* —— U.S. at ——, 114 S.Ct. at 2370. Likewise, we note that such claims do not require exhaustion. *Cf. Offet v. Solem,* 823 F.2d 1256, 1258 (8th Cir.1987) (district court should stay § 1983 action pending exhaustion of habeas remedies, if favorable decision would establish "an irrefutable claim for early or immediate release under habeas").

Accordingly, we reverse.

BOWMAN, Circuit Judge, dissenting.

I read *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the same way the district court did, *i.e.,* as requiring the dismissal of Armento–Bey's § 1983 complaint. If, as Armento–Bey claims, he was denied procedural due process during his disciplinary hearing, then it necessarily follows that the disciplinary decision, and the resulting loss of good-time credits, are unconstitutional and cannot stand. Armento–Bey's challenge to the process employed in the hearing is necessarily a challenge to the validity of the disciplinary decision itself. His case therefore is controlled by the holding in *Heck* (as opposed to dictum in the *Heck* opinion that the majority here finds persuasive).

Moreover, even if the district court and I have misapprehended *Heck,* I believe that at the very least this case must be stayed under *Offet v. Solem,* 823 F.2d 1256 (8th Cir.1987), until Armento–Bey exhausts his state remedies. There is no indication in the record that he has done so. Armento–Bey has launched an "indirect attack on the length of his state confinement," and such an attack "directly implicates the policies of federal-state comity requiring exhaustion in a direct attack." *Id.* at 1257.

For these reasons, I respectfully dissent.