**Terry W. MILLER, Plaintiff–Appellant,**

v.

**INDIANA DEPARTMENT OF CORRECTIONS, et al., Defendants–Appellees.**

No. 93–1621.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 5, 1995.

Decided Feb. 5, 1996.

Terry W. Miller (submitted), Pendleton, IN, pro se.

Seth M. Lahn, Office of the Attorney General, Indianapolis, IN, for Defendants–Appellees.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

## ON MOTION TO PUBLISH

POSNER, Chief Judge.

An inmate of an Indiana state prison brought this suit for damages under 42 U.S.C. § 1983 against his keepers. He claimed that he had been denied good-time credits, and thus had had to remain longer in prison, in violation of the due process clause of the Fourteenth Amendment, because he had not been given a hearing before being placed in a prisoner classification that resulted in the denial of the credits. In an unpublished and therefore uncitable order issued on August 19, 1994, we held that his suit was barred by *Heck v. Humphrey,* — U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which holds that when a prisoner seeks damages under federal civil rights law for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the prisoner must as a condition of maintaining the suit show that the conviction or sentence has been invalidated either by the state which rendered it, or by a federal court in a proceeding for habeas corpus. *Id.* at ——, 114 S.Ct. at 2372.

■ The state has asked us to publish our opinion, thus making it a precedent, in order to resolve a disagreement among the district judges of the circuit concerning the applicability of the rule of *Heck v. Humphrey* to cases such as this in which the "judgment" whose invalidity is the predicate of the suit for damages is not a technical conviction or sentence but an administrative ruling, in this case the denial by the state prison system of a classification that would have entitled the inmate to good-time credits, thus shortening his sentence. We grant the state's motion to publish, and substitute this opinion for our previous one.

The issue remains open in this circuit, although three other courts of appeals have held or assumed that *Heck v. Humphrey* applies equally to administrative rulings. *Schafer v. Moore,* 46 F.3d 43, 45 (8th Cir. 1995) (per curiam); *Armento–Bey v. Harper,* 68 F.3d 215 (8th Cir.1995) (per curiam); *Gotcher v. Wood,* 66 F.3d 1097, 1099 (9th Cir.1995); *Best v. Kelly,* 39 F.3d 328, 330 (D.C.Cir.1994). We think this is right. The reasoning of *Heck v. Humphrey* is that a prisoner should not be able to use a suit for damages to get around the procedures that have been established for challenging the lawfulness of continued confinement. It is irrelevant whether the challenged confinement is pursuant to a judgment imposing a sentence or an administrative refusal to shorten the sentence by awarding good-time credits.

■ In both *Armento–Bey* and *Gotcher* the prisoner was nevertheless allowed to maintain his suit for damages. The court was satisfied (though the dissenting judge in *Armento–Bey* was not) that the prisoner was claiming not that he was entitled to the good-time credits that he had sought but merely that the procedure used to deny him the credits had violated his constitutional rights. The prisoner thus conceded that the correctional system had reached the right result, but he claimed that in doing so it had trampled on his rights, thus entitling him to damages (though only to nominal damages if the rights infringed were procedural rather than substantive, *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)) but not to restoration of the lost credits. Relying on language in *Heck v. Humphrey, supra,* — U.S. at ——, 114 S.Ct. at 2370, the courts in these cases held that the rule of that case was not engaged, because the prisoner was not questioning the lawfulness of his continued confinement. Miller's case falls on the other side of the line. The issue, we emphasize, is not the relief sought, but the ground of the challenge. Although the only remedy that Miller seeks is damages, he claims that as a result of the alleged denial of due process he was deprived of good-time credits to which he was entitled. So he is challenging the lawfulness of his continued confinement, and having failed to vindicate the challenge through the proper means he is barred from seeking vindication in this suit for damages. The dismissal of his suit was therefore properly affirmed in our unpublished order.