**Dog Essence Saladin AMIN, Plaintiff,**

**v.**

**Sam V. PRUETT, Warden, James River Correctional Center, Abbot Laboratories, Scott D'Andrea, Representative, Abbot Laboratories, Jim Gibberson, Representative, Abbot Laboratories, Sgt. D.E. Horton, James River Correctional Center, Aaron Evans, Counselor, James River Correctional Center, Rose Leabough, Adjustment Hearings Officer, James River Correctional Center, Lenius Harris, Asst. Warden of Treatment, James River Correctional Center, William Buck Rodgers, Regional Administrator, Department of Corrections, John B. Metzger III, Chairman, Virginia Parole Board, Ronald Angelone, Director, Department of Corrections, Moore, Internal Affairs, Defendants.**

**Civil Action No. 2:94 CV 635.**

United States District Court,
E.D. Virginia,
Norfolk Division.

June 12, 1996.

Dog Essence Saladin Amin, State Farm, VA, Pro Se.

Susan C. Alexander, Office of Attorney General of Virginia, Richmond, VA, for defendants.

## OPINION AND ORDER

DOUMAR, District Judge.

Dog Essence Saladin Amin ("Amin") is a Virginia inmate who was granted parole by the Virginia Parole Board in February, 1994. Less than two months later, but prior to his release, Amin tested positive for drug use. The Parole Board subsequently made a decision to "not grant" parole to Amin. Amin brings this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by the drug testing procedure used at James River Correctional Center, where he is incarcerated.

Presently before the Court are several motions: (1) a motion by plaintiff for production of documents, and a motion in response by defendants for a protective order; (2) a mo-

tion for summary judgment by defendants; (3) a motion by plaintiff for perjury sanctions against one defendant; and (4) a motion by plaintiff for extension of time to file his own summary judgment motion.

For the reasons set forth below, the Court now believes this action is barred by *Heck v. Humphrey*, ⎯ U.S. ⎯, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), unless plaintiff can demonstrate by evidence that his institutional conviction has been invalidated; plaintiff will be given thirty days to demonstrate that it has been.

### I. *Factual and Procedural Background*

A detailed summary of the factual background to this case is set forth in the Court's Opinion and Order of January 19, 1996 (docket entry # 44), and it will not be repeated in full here. In brief, the plaintiff, an inmate at James River Correctional Center ("James River"), challenges the constitutionality of the drug testing procedure and subsequent administrative hearing which led to the imposition of an institutional infraction in April, 1994. This finding, Amin avers, led the Virginia Parole Board to reverse an earlier decision that it had made to grant him parole.

On June 17, 1994, plaintiff filed this action, alleging that the drug tests conducted at James River, and the consequent finding that he had tested positive, were constitutionally defective. He seeks damages and injunctive relief.[1] In June, 1995, while this action was pending, plaintiff filed a petition for writ of habeas corpus in state court, alleging that the Parole Board had failed to grant him a hearing in the proper quarter of calendar year 1995, pursuant to Va.Code Ann. § 53.1–154 (Michie 1994). On September 20, 1995, the Supreme Court of Virginia denied the writ. On November 2, 1995, plaintiff filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, alleging the ground set forth in his state habeas petition, and the additional ground that the

---

1. Defendants' brief on the motion to dismiss erroneously stated that the plaintiff no longer seeks injunctive relief. This confusion is perhaps understandable in light of the long and complicated procedural history of this case. The Court originally granted plaintiff's motion to amend his claim to withdraw the prayer for injunctive re-

lief. *See* Opinion and Order of Jan. 20, 1995 (docket entry # 19), at 2. That portion of that order was subsequently vacated, and plaintiff's prayer for injunctive relief was ordered refiled. *See* Opinion and Order of Apr. 25, 1995 (docket entry # 24), at 2.

Parole Board had violated its own policies and procedures in the rescission hearing in preventing Amin from defending himself against the infraction (the positive drug test) lodged against him. Plaintiff also moved this Court for leave to "proceed with a combined 42 U.S.C. § 1983 action ... and 28 U.S.C. § 2254 action." In the meantime, in August and October, 1995, all remaining defendants moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] On January 19, 1996, the Court denied plaintiff's motion to consolidate his habeas petition with this § 1983 action. The Court also granted in part and denied in part the defendants' motion to dismiss. The Court held that the challenge to the drug testing procedure and administrative hearing was proper under § 1983 and was not, as defendants contended, essentially an action in habeas.

Following the issuance of the January 19 order, defendants failed to timely file their answer within 10 days, as Federal Rule of Civil Procedure 12(a)(4)(A) requires. On February 2, 1996, plaintiff moved for a default judgment. On February 7, 1996, defendants filed a motion for enlargement of time in which to file their answer, citing excusable neglect by their counsel. On February 22, 1996, the Court granted defendants' motion for enlargement of time and denied plaintiff's motion for a default judgment. Plaintiff also made an alternative motion to strike defendants' answer; that motion was also denied in the February 22 order.

On February 16, 1996, plaintiff moved for production of documents. Defendants responded on March 6, 1996 by moving for a protective order. On that same date, all defendants moved for summary judgment, renewing their argument that plaintiff's action lies in habeas and alternatively urging that defendants are entitled to the defense of qualified immunity. Plaintiff was properly served notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975). Also on March 6, plaintiff filed a motion for extension of time to file his own summary judgment motion, contending that he could not do so without the documents which he seeks through discovery. On April 19, 1996, plaintiff responded to defendants' summary judgment motion. On May 1, 1996, plaintiff moved for perjury sanctions against defendant Leabough, based on a statement in the affidavit she submitted with her motion for summary judgment.

## II. *Discussion*

■ Defendants renew their argument, also made in the motion to dismiss, that Amin's claim properly lies in habeas. The Court previously rejected this argument, holding that a finding that the drug testing procedure used in Amin's case was constitutionally infirm would not "necessarily imply" that his continued incarceration is invalid because the decision to grant parole is discretionary. *See* Opinion and Order of January 19, 1996, at 5–6. New information submitted along with the motion for summary judgment requires the Court to reconsider its earlier conclusion.

Specifically, defendants now tell the Court for the first time that Amin lost 30 days good-time credits as a result of the disciplinary conviction that resulted from the failed drug test.[3] Amin does not contest this assertion. Thus, defendants contend, in the event the Court finds the drug testing procedure and subsequent hearing process as applied to Amin to be constitutionally deficient, it necessarily follows that the conviction will be expunged and the good-time credits restored. As a result, defendants urge, Amin's claim necessarily affects the duration of his confinement and thus may only be asserted in habeas. (Def.Br. on Mot. for Summary Judgment at 10; Ex. IV, ¶ 10 & Enclosure A).

2. Defendants Abbot Laboratories, D'Andrea, Gibberson, and Harris have previously been dismissed. *See* Order of June 16, 1995 and Order of August 3, 1995.

3. The Court does not suggest that the defendants were attempting to "sandbag" the plaintiff or to deceive the Court by withholding this information until the motion for summary judgment. On a motion to dismiss for failure to state a claim, the Court ordinarily cannot consider materials outside the pleadings (such as those submitted along with the motion for summary judgment). Fed.R.Civ.P. 12(b).

**1124**

■ Undeniably, any prisoner seeking restoration of good-time credits must proceed in habeas, because such a case, at its core, challenges the length or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 487–490, 93 S.Ct. 1827, 1835–1837, 36 L.Ed.2d 439 (1973). Some claims, however, which challenge prison disciplinary procedures do not always lie in habeas because they challenge only the constitutionality of the procedures themselves, and do not necessarily implicate good-time credits. *Wolff v. McDonnell,* 418 U.S. 539, 554, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974).

In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court extended the reach of *Preiser* by holding that when a state prisoner seeks damages in a § 1983 suit, the "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." If so, then the civil rights action under § 1983 must be dismissed. *Id.,* 512 U.S. at ——, 114 S.Ct. at 2372. *Heck* did not engraft a state exhaustion requirement onto § 1983, but rather concluded that there is no cause of action at all under § 1983 unless the prisoner has proved that his conviction or sentence has been reversed, expunged, invalidated, or impugned by a writ of habeas corpus. *Id.* at ——, 114 S.Ct. at 2373. Although *Heck* involved a case of unlawful prosecution, and the precise language of its holding might indicate, at first blush, that it applies only to a conviction in a court of law, and not an internal prison disciplinary hearing, close reading of opinion indicates that its reach is far broader. Indeed, *Heck* discusses at some length whether the question it reached had already been answered in *Wolff,* which, it will be recalled, dealt with a prison disciplinary procedure. The Court noted that *Wolff*

> involved a challenge to the procedures used by state prison officials to deprive prisoners of good-time credits ... The Court [in *Wolff*] said, after holding the claim for good-time credits to be foreclosed by *Preiser,* that the damages claim was nonetheless properly before the District Court and required determination of the validity of the procedures employed for imposing sanctions ... [Heck] contends

that this language authorized the plaintiffs in *Wolff* to recover damages measured by the actual loss of good time. We think not. In light of the earlier language characterizing the claim as one of 'damages for the deprivation of civil rights', rather than damages for the deprivation of good-time credits, we think this passage recognized a § 1983 claim for using the wrong procedures, not for reaching the wrong result (*i.e.,* denying good-time credits). Nor is there any indication in the opinion, or any reason to believe, that using the wrong procedures necessarily vitiated the denial of good-time credits. Thus, the claim at issue in *Wolff* did *not* call into question the lawfulness of the plaintiff's continuing confinement.

*Id.* 512 U.S. at ——, 114 S.Ct. at 2370 (citations and quotation marks omitted) (emphasis in original). The most logical reading of this passage is that cases which *do* call into question the lawfulness of a prisoner's continuing confinement are barred by *Heck*— whether or not the judgment so affecting the prisoner's confinement was the result of a court judgment or an internal prison disciplinary procedure. While the Fourth Circuit has not yet encountered the question, other courts of appeals have held or assumed that *Heck* applies to administrative proceedings such as that in the instant case. *See Black v. Coughlin,* 76 F.3d 72, 75 (2nd Cir.1996) ("we see no reason why *Heck,* which dealt with constitutional challenges to a criminal conviction, is not also controlling with respect to due process challenges to prison disciplinary hearings"); *Miller v. Indiana Dep't of Corrections,* 75 F.3d 330, 331 (7th Cir.1996) (*Heck* applies equally to administrative rulings; "irrelevant whether challenged confinement is pursuant to a judgment imposing a sentence or an administrative refusal to shorten sentence by awarding good-time credits"); *Best v. Kelly,* 39 F.3d 328, 330 (D.C.Cir.1994) (challenge to procedure which implicates good-time credits barred by *Heck* ); *Armento–Bey v. Harper,* 68 F.3d 215 (8th Cir.1995) (per curiam); *Gotcher v. Wood,* 66 F.3d 1097 (9th Cir.1995), *petition for cert. filed,* 64 U.S.L.W. 3605 (U.S. Feb. 26, 1996) (No. 95–1385).

Although united in concluding that *Heck* reaches internal prison proceedings, the circuits have not been uniform in applying it. The prisoners in *Armento–Bey* and *Gotcher* were both allowed to proceed with their damage claims after the respective courts determined the plaintiffs were not claiming entitlement to good-time credits, but were merely challenging the procedure used to deny them the credits. *See, e.g., Gotcher,* 66 F.3d at 1099 ("*Gotcher's* case does not call into question the lawfulness of his continuing confinement").

The Court believes that this narrow reading of *Heck* by the Eighth and Ninth Circuits misconstrues its meaning. In the first place, even before *Heck,* it was unlikely that prisoners would ordinarily seek restoration of good-time credits in a § 1983 action, because it is clear under *Preiser* that they could not. Moreover, *Heck* suggests that a prisoner may not avoid its proscription merely by artful pleading—that is, by challenging only the sufficiency of process and not claiming entitlement to good-time credits. *Heck* states that a § 1983 action does not lie if the claim "*necessarily implies*" the invalidity of the conviction or sentence. 512 U.S. at ——, 114 S.Ct. at 2372. Thus, *Heck* implicitly directs the district court to determine whether a decision in favor of the prisoner will, of necessity, vitiate the action taken by the state in depriving the prisoner of good-time credits (or other benefits affecting the duration of a sentence). If so, the claim is not cognizable under § 1983. *See Miller,* 75

F.3d at 331; *Armento–Bey,* 68 F.3d at 216 (Bowman, J., dissenting).

Here, Amin does not challenge his loss of the 30 days of good-time credits. Rather, he challenges the sufficiency of the process afforded him that led to the loss of the good-time credits (and to the Parole Board's decision to reverse course and not grant him parole). Nonetheless, the mere fact that Amin challenges only the procedure cannot be controlling. The defendants state that Amin lost 30 days of good time credits,[4] which Amin does not dispute.[5] It necessarily follows that if the procedure which led to Amin's institutional conviction were found to be constitutionally deficient by this Court, the conviction would have to be vacated and the good-time credits restored. Thus, quite apart from the question of whether the Parole Board would then grant him "discretionary parole," Amin's ultimate release date— the date on which he must be released— would be affected.[6] Under *Heck,* therefore, this action cannot proceed under § 1983. Even if Amin were to disclaim any interest in the good-time credits, the fact remains that the state would expunge the conviction and restore the credits. As stated above, the Court does not believe that Amin can circumvent the *Heck* bar by artful pleading.

*Heck* instructs that the § 1983 action must be dismissed "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at ——, 114 S.Ct. at 2372. Accordingly, the plaintiff will now be given an opportunity to demonstrate that the conviction for his institutional infrac-

---

4. Def.Br. on Mot. for Summary Judgment at 10; Ex. IV, ¶ 10 & Enclosure A.

5. Pl.Br. in Opp. to Def.Mot. for Summary Judgment at 3.

6. Inasmuch as Amin is already eligible for "discretionary parole" (given that he has had previous parole hearings), the good-time credits affect only his "mandatory parole"—the date on which he must be released (as opposed to "discretionary parole," which, as the term suggests, is at the discretion of the Parole Board). As Amin was convicted and sentenced prior to July 1, 1981, he falls under either the Good Conduct Time system pursuant to Va.Code Ann. § 53.1–196 (Michie 1994), which awards ten days against his sentence for every twenty days of satisfactory conduct, or he could opt to participate in the "Good Conduct Allowance" (GCA) program. *See* Va.

Code.Ann. §§ 53.1–198 to 53.1–201. Under that system, prisoners are placed in one of four conduct classes, and the rate of credits varies according to class. *See id.,* § 53.1–201. Amin appears to have chosen to participate in the latter program, and is in Class I, which provides 30 days credit for 30 days served. *See* Pl.Mot. for Perjury Sanctions Against Defendant Rose Leabough, Ex. 2, at 1 (Amin's commitment report, listing Amin's "GCA Level" as "I; 30/30") and at 6 (noting Amin "opted into GCA" on March 22, 1991). Under this latter system, the good conduct allowance is applied to "reduce the person's maximum term of confinement." Va. Code.Ann. § 53.1–199. Either way, there can be no question that the good-time credits at issue here affect the duration of Amin's confinement.

tion for illegal drug use in April, 1994 has been invalidated. Plaintiff shall have thirty (30) days from the date of this order to submit such evidence. Unless the plaintiff can show that the conviction has been invalidated, this action will be dismissed without prejudice, and the plaintiff will have to proceed in habeas.[7]

The other motions herein will be held in abeyance pending plaintiff's response to this order.[8]

The Clerk of the Court is **DIRECTED** to forward copies of this order to the plaintiff and counsel for defendants.

**IT IS SO ORDERED.**

---

7. The statute of limitations will not bar Amin from refiling this action if the state expunges his conviction, because the § 1983 action does not arise until the prisoner's conviction has been invalidated. *See Heck,* —— U.S. at ——, 114 S.Ct. at 2374 ("[u]nder our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen"); *Black v. Coughlin,* 76

F.3d 72, 75 (2nd Cir.1996) (cause of action under § 1983 does not accrue until conviction reversed).

8. If plaintiff cannot show that his conviction has been invalidated, the other pending motions will be mooted.