107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jesse M. HATCH, Plaintiff-Appellant,
v.
Sharon Kay RAGLAND, et al., Defendants-Appellees.
 Nos. 95-2515, 95-3284.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 29, 1997.*
Decided Feb. 6, 1997.
 
 Before FAIRCHILD, BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Inmate Jesse Hatch brought this action pursuant to 42 U.S.C. § 1983, claiming that the prison authorities removed him from his job in the prison law library in retaliation for his First Amendment activities of filing or threatening to file lawsuits against prison employees, including Sharon Ragland, his supervisor. Hatch, who is black, also claimed that he was denied equal protection because he was punished more harshly on the basis of race. The parties consented to trial before a magistrate judge. After a bench trial, the court entered judgment for the defendants on the claim of retaliation and dismissed without prejudice Hatch's equal protection claim. The court later denied Hatch's request pursuant to Federal Rule of Civil Procedure 60(b) to reinstate the latter claim. Hatch now brings a consolidated appeal from these two judgments.[1] We affirm.
 
 
 2
 During the relevant period in 1992, Hatch was employed as a "law clerk" in the prison law library, where among other duties the staff would occasionally type up other inmates' court petitions. Hatch believed that this practice was not part of his job description, and that it constituted the unauthorized practice of law. He told defendant Ragland that he would complain to the warden, and he later did so in writing. When Ragland ordered Hatch to type up another inmate's clemency petition, he angrily refused in the presence of several inmates and threatened to file a lawsuit. Ragland wrote a disciplinary report charging Hatch with disobeying a direct order, threats and intimidation, and causing a dangerous disturbance. On the prison disciplinary committee's recommendation, the warden removed Hatch from his job.
 
 
 3
 Hatch objects to the district court's statement in its May 16, 1995, post-trial order that it had dismissed Hatch's equal protection claim because Hatch had abandoned the claim before trial. The defendants concede that this was a misstatement: the court had actually dismissed the claim near the end of trial because it found that Hatch's proffered evidence concerning discrimination involved "events [that took] place at different times, and some of them are even after the complaints.... I'll dismiss it at this point without prejudice, so that if you want to bring that at a later time ... and marshal your evidence, I have no problem with that, but it certainly wasn't presented today in this form." (Trial Tr. at 124-25.) In its denial of Hatch's Rule 60(b) motion, the court acknowledged that this had been the ground of its decision.
 
 
 4
 Hatch's theory of disparate treatment on the basis of race was that prison employees in the law library disciplined black, but not white, inmates for threatening to sue them. Hatch's evidence was the testimony of one black and two white inmates, all of whom said they had told library staff that they would sue them. The white inmates were not disciplined. The black inmate, Clarence Trotter, was, like Hatch, disciplined for "threats and intimidation," but the ticket was not written by Ragland or any other defendant in this suit. Trotter's statement, like Hatch's, was made during a heated exchange with a library employee. The employee had just given Trotter a ticket for insolence when he told her that he would sue; she asked whether that was a threat and he said "yes," prompting the additional ticket for making a threat. Trotter and Hatch thus were punished not for merely stating that they would sue, but for threatening to sue as a means of intimidation. The testimony did not show that the white inmates had made similarly hostile threats and did not suggest that the black inmates were disciplined on pretextual grounds. Moreover, Trotter and Hatch were disciplined by different employees who were not shown to have collaborated in any way, defeating whatever weak inference Trotter's case might support that Ragland was motivated by racial animus. The district court found that Hatch had failed to present meaningful evidence on the discrimination claim and, rather than simply finding against Hatch, dismissed the claim without prejudice. The court did not err in so doing.[2]
 
 
 5
 Hatch's retaliation argument hinges on his contention that Ragland ordered him to type the document knowing that he would refuse, giving her the desired opportunity to write him up. Her motive, he claimed, was to retaliate for the grievance he had sent the warden (a letter Hatch testified she had not heard of before she wrote the ticket) and for a 1990 lawsuit he had filed against another employee. He further contended that the disciplinary ticket for threatening Ragland with a lawsuit was punishment for constitutionally protected speech. See, e.g., Babcock v. White, 102 F.3d 267, 275 (7th Cir.1996). The district court held that Hatch had not demonstrated a persuasive chronology suggesting retaliation, a factual holding that in light of the record is not clearly erroneous. Because Hatch failed to show that the disciplinary ticket was written in retaliation for the speech, rather than for his insolent conduct, it was unnecessary for the district court to determine whether the speech was protected.
 
 
 6
 With regard to Hatch's challenges to the procedures followed at the disciplinary hearing that resulted in the deprivation of his prison employment, it is arguable that his claim is barred by the rule of Heck v. Humphrey, 512 U.S. 477 (1994), and Miller v. Indiana Dept. of Corrections, 75 F.3d 330 (7th Cir.1996), which requires a prisoner bringing a section 1983 challenge that necessarily implies the invalidity of his disciplinary sanction to demonstrate first that the sanction has already been invalidated in his favor elsewhere, by appeal or otherwise. See, e.g., Dixon v. Chrans, 101 F.3d 1228 (7th Cir.1996). We do not know whether Hatch can so demonstrate, but the claim fails nonetheless because he had neither a cognizable liberty nor property interest in his prison job and therefore was not entitled to due process. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995); Wallace v. Robinson, 940 F.2d 243, 247 (7th Cir.1991) (en banc), cert. denied, 503 U.S. 961 (1992). Thus this claim is a nonstarter.
 
 
 7
 The judgment of the district court is MODIFIED to dismiss Hatch's due process challenge for failure to state a claim and, thus modified, AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The appellees contend without elaboration that this court lacks jurisdiction in appeal number 95-2515 because the district court's post-trial May 16, 1995, judgment did not terminate all of the claims before it. They do not specify which claims were not terminated, and their contention is unsupported by the comprehensive text of the judgment itself
 
 
 [2]
 Hatch has not separately challenged the district court's denial of his Rule 60(b) motion