107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fabio A. DIAZ, Petitioner-Appellant,
v.
Daniel R. MCBRIDE,[1] Respondent-Appellee.
 No. 95-3613.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 29, 1997.[2]
Decided Feb. 27, 1997.
 
 Before FAIRCHILD, BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Fabio A. Diaz, an Indiana state inmate, filed a petition for writ of habeas corpus, 28 U.S.C. § 2254, raising due process challenges to prison disciplinary proceedings, and a civil rights complaint pursuant to 42 U.S.C. § 1983, seeking damages for the same due process violations.
 
 
 2
 Prison officials charged Diaz with "theft or unauthorized relocation of state property or property of another [eyeglass frames]," found him guilty, and sanctioned Diaz by revoking 60 days of earned credit time. The superintendent initially ordered the Conduct Adjustment Board (CAB) to rehear the case and provide Diaz with a supplemental statement of R. Melville, the guard who found Diaz in possession of the eyeglass frames. The CAB did not provide the supplemental statement until 3:30 p.m. the afternoon before the rehearing was held. The CAB then imposed the same sanction following the rehearing. Diaz contends that there was insufficient evidence to support the finding of the CAB; and insufficient notice of the charge prior to the rehearing. The district court denied the habeas corpus petition, but did not enter an order as to the § 1983 claim.[3]
 
 
 3
 The notice of the charge was adequate. While Diaz did not receive Melville's supplemental statement a full 24 hours prior to the rehearing, he did have it overnight, along with all the evidence presented at the first hearing. The supplemental statement added only that, at the time of the shakedown, Diaz made no comment to Melville about the source of the frames, or offered any reason why he had them in his possession. These are assertions that Diaz himself could deny (which he did), and did not require seeking out new witnesses or evidence in order to adequately "marshal the facts and prepare a defense."[4] Wolff v. McDonnell, 418 U.S. 539, 564 (1974).
 
 
 4
 In addition, we find that the CAB's finding was supported by some evidence. See Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985). The CAB was entitled to find Officer Melville's statements credible, and to disbelieve Diaz's version. Melville stated that Diaz was acting very nervous and was dropping things just prior to and during the search. Melville also stated that he saw Diaz go to work at the eyeglass center just minutes before he was searched after leaving the center. Diaz disputes this with statements of other prisoners, and by arguing that Melville had an ulterior motive for causing harm to Diaz, but the CAB was not required to believe one witness over the other in this type of credibility dispute, and this court may not make a new assessment of the credibility of witnesses. See Superintendent v. Hill, 427 U.S. at 455 (federal court is not to engage in an "examination of the entire record, independent assessment of credibility of witnesses, or weighing of the evidence"). Also, while Diaz submitted receipts and other documents showing he had bought various pairs of eyeglass frames while in prison, there is nothing matching the pair he was accused of stealing to the receipts for frames he had previously purchased. The CAB had sufficient evidence upon which to base its decision, and therefore we find no due process violation occurred.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Petitioner named both McBride and the Attorney General of Indiana as respondents. When a petitioner is in custody, petitioner shall name as respondent the state officer having custody of petitioner. 28 U.S.C. § 2254, Rule 2. We have therefore stricken Pamela Lynn Carter as a respondent
 
 
 [2]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [3]
 A district court docket entry shows a "utility event" on November 1, 1995, "finding the motion in the alternative to reinstate the complaint under 42 USC [§ 1983] ... moot due to CPC being granted." In any event, a § 1983 claim would not arise until the conviction is vacated or otherwise rendered invalid. Heck v. Humphrey, 512 U.S. 477, ---, 114 S.Ct. 2364, 2372 (1994); Miller v. Indiana Dept. of Corrections, 75 F.3d 330 (7th Cir.1996)
 
 
 [4]
 The supplemental statement also added that Diaz asked Melville what he was being written up for, and Melville did not respond, and Diaz does not seek to dispute this part of the statement