108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James E. WILLIAMS, Plaintiff-Appellant,
v.
Keith LANGSTON, Adrienne Johnson, L. Clarizio, and R.
Farkas, Defendants-Appellees.
 No. 95-3314.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 4, 1997.*
Decided March 04, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 James Earl Williams, an inmate at Stateville prison, has a permanent injury to his hand which makes it painful to climb into an upper bunk. On July 31, 1993, he refused to accept his assigned cell, in which he was forced to use an upper bunk, and as a consequence he was charged with refusing to obey an order and taken to the Segregation Unit. On August 5 a disciplinary hearing was held. Williams was found in violation of the institutional rules for refusing to obey an order and was ordered to serve six days in segregation. He also lost three months of audio-visual and commissary privileges. According to Williams, however, he was never given a copy of the disciplinary report, and, though he was given notice of the hearing, it was a scant twelve hours before the hearing commenced. Further, the disciplinary committee refused to continue the proceedings to allow him to prepare a defense and summon witnesses in his favor. Alleging violations of the due process rights established by Wolff v. McDonnell, 418 U.S. 539 (1974). Williams brought suit against the officer assigned to deliver to him the disciplinary report (Langston) and the members of the disciplinary committee (Johnson, Clarizio, and Farkas). 42 U.S.C. § 1983. The district court dismissed the claim against Langston for failure to serve process and granted summary judgment to the remaining defendants. As discussed below, we modify the judgment and affirm.
 
 I. Failure to Give Notice
 
 2
 Williams alleges that Langston failed to deliver to him a copy of the disciplinary report and thus he had no notice of the charges against him, violating Wolff 's mandate that due process must include timely notice of charges against a prisoner facing disciplinary action. 418 U.S. at 563-64. Such an omission may constitute a due process violation, actionable upon its occurrence. Clayton-EL v. Fisher, 96 F.3d 236, 242-43 (7th Cir.1996).
 
 
 3
 Due process is only applicable, however, where one is being deprived of a constitutionally protected interest in "life, liberty, or property." Zinermon v. Burch, 494 U.S. 113, 125 (1990) (citing Parratt v. Taylor, 451 U.S. 527, 537 (1981)). Under Sandin v. Conner, 115 S.Ct. 2293, 2300-01 (1995), Williams's punishment of six days in segregation does not constitute the deprivation of a liberty interest, see Williams v. Ramos, 71 F.3d 1246, 1249-50 (7th Cir.1995) (per curiam) (concerning the same James Williams), and his loss of privileges cannot be considered the deprivation of property. Further, we consider too attenuated his argument that disciplinary charges affect his ability to get previously-revoked good time credits restored at semiannual conduct reviews, the decision whether to reaward the credits appears to be a discretionary one, and this particular proceeding did not deprive Williams of any already accrued good time credit. Thus, Williams was not constitutionally entitled to the protections afforded by Wolff, and his claim against Langston must be dismissed.[1]
 
 II. Inadequate Disciplinary Hearing
 
 4
 Williams further brought suit against defendants Johnson, Clarizio, and Farkas on the grounds that their refusal to provide him with a copy of the disciplinary report or to grant him a continuance to prepare his defense and call witnesses resulted in an inadequate disciplinary hearing. The district court, finding that Williams made an inadequate showing of need for a continuance, and that, in any event, he willfully refused to present his defense when offered the opportunity, granted summary judgment for defendants.
 
 
 5
 The dismissal of these claims is mandated by Heck v. Humphrey, 114 S.Ct. 2364 (1994). In Heck, which we have applied to prison disciplinary proceedings, see Miller v. Indiana Dept. of Corrections, 75 F.3d 330, 331 (7th Cir.1996),[2] the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment ... a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 114 S.Ct. at 2372. Williams has made no such showing, and, because his claim directly challenges the validity of the disciplinary proceeding (for example, his appellate brief states emphatically that he would not have been found guilty but for the defective procedures employed), his complaint fails to state a cause of action. Further, even were we not to apply Heck, as discussed above Sandin would require the dismissal of these claims.
 
 
 6
 Rather than being resolved on summary judgment, the claims against Johnson, Clarizio, and Farkas are dismissed pursuant to Heck v. Humphrey. As modified, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The appellees in this case did not file a brief. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary, accordingly, the appeal is submitted on the appellant's brief and the record. See Fed.R.App.P. 34(a), Cir.R. 34(f)
 
 
 [1]
 The district court dismissed the claim against Langston pursuant to Federal Rule of Civil Procedure 4(m) (failure to serve process). We note that Williams, as an indigent pro se prisoner litigant, was allowed to effect service via the United States Marshals Service. The Marshal, however, reported that it was unable to serve Langston. The court ordered the defendants to provide the Marshal with an address for Langston and ordered the Marshal to report on its efforts to serve Langston. No such report appears in the record, and Langston was never served, although the record reflects that defendants secured his signature on an affidavit submitted to the court. Given the fact that Sandin mandates dismissal of this claim, however, we need not resolve questions regarding service of process. In addition, we note that any claim that lack of notice hindered Williams's defense and caused him to be found guilty would be barred by Heck v. Humphrey, 114 S.Ct. 2364 (1994), as discussed in connection with the other defendants
 
 
 [2]
 Cf. Balisok v. Edwards, 70 F.3d 1277 (9th Cir.1995) (unpublished order), cert. granted, 116 S.Ct. 1564 (1996)