129 F.3d 119
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marion T. BEAVEN, Plaintiff-Appellant,
v.
H. Christian DEBRUYN, et al., Defendants-Appellees.
 No. 96-3265.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 25, 1997.*
Decided Sept. 25, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 95-3265; Robert L. Miller, Jr., Judge.
 
 
 1
 Before Hon. JOHN L. COFFEY, Circuit Judge Hon. FRANK H. EASTERBROOK, Circuit Judge Hon. MICHAEL S. KANNE, Circuit Judge
 
 ORDER
 
 2
 Marion Beaven, an inmate at the Westville Correctional Center in Indiana, appeals the district court's dismissal of his lawsuit brought pursuant to 42 U.S.C. § 1983. Beaven[1] sued H. Christian BeBruyn, the Commissioner of the Indiana Department of Corrections, and Irma Ruiz, Diana Gore, Lola Grott and John Shrader, all Westville law library employees, alleging that they violated his constitutional rights by denying him access to the courts. The district court dismissed the lawsuit after finding-that Beaven failed to state a claim upon which relief could be granted. We affirm.
 
 
 3
 In order to state a claim for the violation of the constitutional right of access to the courts, an inmate must allege, not only a failure by prison officials to provide a constitutionally adequate legal assistance program, see Bounds v. Smith, 430 US. 817, 832 (1977), but also an "actual injury" resulting from the inadequate program. Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996). Thus, a cause of action does not exist unless the inmate "demonstrate[s] that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. In Lewis,the Court gave examples of how an inmate could meet this burden:
 
 
 4
 He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.
 
 
 5
 Id. The Court concluded that it is "the capability of bringing contemplated challenges to sentences or conditions of confinement" that must be hindered in order to make out a claim for the violation of an inmate's right to access the courts. Id. at 2182 (emphasis added).
 
 
 6
 Beaven alleged only that he was prevented from effectively pursuing the direct appeal of his criminal conviction because of the inadequacies of the prison legal facilities. However, the record shows that he filed an appeal raising several challenges to his conviction and sentence, each of which the state appellate court addressed on the merits. Clearly, he was able to pursue his direct appeal. The mere fact that he lost on appeal does not establish an actual injury, and he does not point to any challenge he would have brought, but could not, because the prison legal facilities were inadequate
 
 
 7
 On appeal, for the first time, Beaven argues that he was unable to adequately prepare for two civil rights actions. Although he does not indicate the bases for the civil rights actions,[2] he states, that he filed the lawsuits and that, at the time his brief was filed, they were before this court on appeal.[3] Even if the new factual bases for his claim are not waived, see Bagola v. Kindt, 39 F.3d 779, 780 (7th Cir.1994) (per curiam) (considering facts raised for the first time on appeal because they were consistent with the pleadings); Hrubec v. National R.R. Passenger Corp., 981 F.2d 962, 963-64 (7th Cir.1992), Beaven still has not alleged an actual injury resulting from the allegedly inadequate prison legal facilities. He states nothing more than that he was "interrupted" in his preparation of the two civil suits. Mere "interruptions" do not constitute actual injuries.
 
 
 8
 Beaven also challenges the district court's denial of his motion to amend the complaint. The district court properly denied the motion because it was signed only by Beaven, and not the other plaintiffs. See Fed.R.Civ.P. 11(a). The court explicitly invited Beaven to resubmit the motion under the signatures of all of the plaintiffs, however, he never filed a properly signed motion to amend.
 
 
 9
 Finally, we note that Beaven has accumulated the three "strikes" allowed prisoners proceeding in forma pauperis. 28 U.S.C. § 1915(g). The district court dismissed this case for failure to state a claim and the appeal is frivolous, resulting in two strikes. See Newlin v. Helman, 1997 WL 409403 * 3 (7th Cir. July 23, 1997). Further, he received one strike in Beaven v. McBride, No. 96-2837. If Beaven wishes to bring new actions or file new appeals, he will be obliged to pay the full filling fee. Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir.1996).
 
 
 10
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The original plaintiffs were Beaven, Harry Lacy, Merlyn Nailon, Terence Holloway, Richard Hill. A. Jones and Charles Grove. Only Beaven appeals the district court's judgment
 
 
 [2]
 Beaven identifies the cases only by docket number
 
 
 [3]
 Beaven v. Scrogham, No. 96-2874, is pending the assessment of an intitial partial filing fee; Beaven v. McBride, No. 96-2837, was decided in an unpublished order on July 15, 1997