# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3288EA

_____

| | | |
|---|---|---|
| Jerry X. Ellis, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Paul Bolin, individually and in his | * | On Appeal from the United |
| official capacity as Disciplinary | * | States District Court |
| Notifying Sergeant, Arkansas | * | for the Eastern District |
| Department of Correction; James | * | of Arkansas. |
| Byers, individually and in his | * | |
| official capacity as Disciplinary | * | [To Be Published] |
| Hearing Officer, Arkansas | * | |
| Department of Correction; P. King, | * | |
| individually and in his official | * | |
| capacity as Disciplinary Notifying | * | |
| Officer, Arkansas Department of | * | |
| Correction, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 3, 2000

Filed: April 4, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Jerry Ellis, an Arkansas prisoner, appeals the District Court's dismissal of his 42 U.S.C. § 1983 complaint alleging due process violations relating to his disciplinary hearings. We reverse and remand for further proceedings in accordance with this opinion.

Ellis filed a complaint against corrections officers Paul Bolin, Phillip King, and James Byers, claiming they conspired to deny him his due process rights relating to three disciplinary hearings. Ellis alleged in his complaint and testified at an evidentiary hearing that three major disciplinaries were written against him by non-defendants; that Bolin and King were responsible for notifying inmates of disciplinary charges; that neither of them gave him a copy of one of the three charges; and that they failed to escort him to his scheduled hearings on the charges, instead falsely reporting that Ellis had waived his right to be at the hearings. Ellis alleged Byers, a hearing officer, conspired with the two other officers to prevent Ellis's attendance at his disciplinary hearings and deprive him of due process. Ellis was convicted on all three charges, and received punishment that included segregation and the loss of good time. His requested relief included compensatory and punitive damages for the deprivation of his due process rights.

The District Court dismissed Ellis's complaint, concluding that a decision in Ellis's favor "would imply the invalidity of the proceeding," and Ellis's claim was thus barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (to recover damages for unconstitutional conviction or imprisonment, or for harm from actions whose unlawfulness would render conviction or sentence invalid, § 1983 plaintiff must prove conviction or sentence has been reversed, expunged, declared invalid, or questioned by habeas corpus writ).

After reviewing the record and the parties' briefs, we conclude the District Court erred in dismissing Ellis's denial-of-due-process claim, because Ellis did not challenge the result of his disciplinary proceedings but rather the fact that he was not allowed to

attend them. See <u>Armento-Bey v. Harper</u>, 68 F.3d 215, 216 (8th Cir. 1995) (per curiam) (claims challenging disciplinary proceeding for using wrong procedure, rather than for reaching wrong result, are cognizable under § 1983; reversed decision that claim was <u>Heck</u>-barred). Accordingly, we reverse and remand for further proceedings. We deny as moot Ellis's motion for appointment of counsel on appeal.

BOWMAN, Circuit Judge, joined by BEAM, Circuit Judge, concurring.

For the reasons set forth in my dissenting opinion in <u>Armento-Bey v. Harper</u>, 68 F.3d 215, 216 (8th Cir. 1995) (per curiam), I believe § 1983 damages claims of the sort that Ellis brings in the present case are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). It is my hope that our Court, sitting en banc, will have an opportunity to reconsider the <u>Armento-Bey</u> holding. Meanwhile, I recognize its binding force, and thus I concur in the decision to reverse and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.