51 F.3d 278
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
George Horatio SMITH, Jr., Appellant,
v.
W. STRAUGHN, Captain, Varner Unit, Arkansas Department of
Correction; J. Ivey, Sgt., Varner Unit, Arkansas
Department of Correction, Appellees.
 No. 94-3325.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 9, 1995.
Filed: Apr. 3, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 George Horatio Smith Jr., an Arkansas inmate, brought a 42 U.S.C. Sec. 1983 action for damages, claiming that defendant correction officers violated his Eighth Amendment rights by beating him. The complaint also stated that Smith wanted good-time credits he lost as a result of a disciplinary one of the officers "wrote on [him] pertaining to this incident." The district court construed the complaint as challenging the manner in which Smith's good time was taken and, over Smith's objection, stayed the action until Smith exhausts his state remedies on that claim. Smith appeals, asserting that he is not challenging his loss of good time, but rather is pursuing only an Eighth Amendment claim arising from his beating by defendants.
 
 
 2
 We conclude that the district court correctly construed Smith's complaint as including a challenge to the length of his state confinement, for which Smith must first exhaust his available state remedies. See Offet v. Solem, 823 F.2d 1256, 1258-59 (8th Cir. 1987). In light of the Supreme Court's recent decision in Heck v. Humphrey, 114 S. Ct. 2364, 2372-74 (1994), however, the district court's order as to this good-time claim should be modified to be a dismissal without prejudice. We further conclude that Smith's Eighth Amendment claim as pleaded in this petition is so entangled with the disciplinary loss of good-time credits that a ruling in Smith's favor on this claim would "necessarily imply the invalidation of his [disciplinary]." Heck, 114 S. Ct. at 2372. Thus, Smith's Eighth Amendment claim as pleaded here cannot proceed until such time as Smith has either successfully removed the disciplinary from his record or until Smith pleads an Eighth Amendment claim that is not entangled with the disciplinary.
 
 
 3
 Accordingly, we affirm the judgment of the district court but modify the stay order to dismiss Smith's complaint without prejudice.