_____

No. 95-2057SI
_____

David Allen Sheldon,             *
                                 *
            Appellant,           *
                                 *    Appeal from the United States
    v.                           *    District Court for the Southern
                                 *    District of Iowa.
Thomas E. Hundley; Grabowski,    *
sued as Major Grabowski;         *
Charles Harper,  *
                                 *
            Appellees.           *
_____

Submitted:  March 15, 1996

Filed:  May 7, 1996
_____

Before FAGG, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.
_____

FAGG, Circuit Judge.


    David Allen Sheldon, an inmate at the Iowa State Penitentiary (ISP), mailed a letter to an inmate-produced publication at another prison.  In the letter's postscript, Sheldon had written, "We have your [expletive] warden Thomas E. Hundley, . . . you could have kept him."  After prison officials seized the letter, Sheldon was found guilty of violating an ISP rule against verbal abuse.  As a result, Sheldon received fifteen days of disciplinary detention and lost sixteen days of good conduct time.

    Sheldon did not challenge the disciplinary action in any state or federal proceeding before filing this 42 U.S.C. § 1983 lawsuit. Sheldon's complaint alleged his First Amendment rights were violated when Hundley, the ISP warden, threatened him with discipline for writing the comment, when Major Grabowski, an ISP correctional officer, charged him with disciplinary violations, and

when Charles Harper, an ISP administrative law judge, found him guilty of the disciplinary violation and imposed sanctions for it.  In his prayer for relief, Sheldon sought money damages for interference with his First Amendment rights and for time spent in disciplinary detention, and any other appropriate relief.

The district court granted judgment on the pleadings and dismissed Sheldon's entire complaint with prejudice for failure to state a claim.  The district court construed Sheldon's complaint as alleging only that the disciplinary action violated his First Amendment rights, and as seeking recovery of lost good-time credits.  The district court held that under Heck v. Humphrey, 114 S. Ct. 2364 (1994), a prisoner cannot bring a § 1983 claim challenging a disciplinary proceeding resulting in a loss of good-time credits before successfully invalidating the disciplinary ruling.  Sheldon appeals.  We affirm, but modify the dismissal to be one without prejudice to permit Sheldon to refile the action if the state or a federal habeas court invalidates the disciplinary ruling.

In Heck, the Supreme Court held that if a judgment favorable to a prisoner in a § 1983 action would necessarily imply the invalidity of the prisoner's conviction or the length of the prisoner's sentence, then a § 1983 action for damages does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  114 S. Ct. at 2372.  The Court reasoned that a prisoner should not be able to use a suit for damages to avoid established procedures, like habeas corpus, for challenging the lawfulness of the fact or length of confinement.  This reasoning applies whether the prisoner challenges a conviction imposing a sentence or a prison administrative ruling lengthening a sentence.  Miller v. Indiana Dep't of Corrections, 75 F.3d 330, 331 (7th Cir. 1996).  Thus, courts have applied Heck's holding in

the context of prison administrative rulings, including rulings in disciplinary proceedings, that affect the length of a prisoner's sentence. Id.; see Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (dismissing § 1983 action under Heck where inmate attacked constitutionality of parole denial and sought immediate release); Armento-Bey v. Harper, 68 F.3d 215, 216 (8th Cir. 1995) (per curiam) (Heck's rule not engaged where prisoner challenged constitutionality of procedure used in disciplinary proceeding denying good-time credits, rather than result of proceeding, because prisoner was not questioning lawfulness of continued confinement). Under Heck, when an inmate's success on a § 1983 claim would necessarily imply the invalidity of the result of a disciplinary proceeding that lengthens the inmate's prison sentence, the § 1983 claim does not arise until the state or a federal habeas court has invalidated the disciplinary result. Miller, 75 F.3d at 331; see Heck, 114 S. Ct. at 2373. This is so because unless the disciplinary ruling is invalid, the length of the prisoner's sentence is lawful. See Heck, 114 S. Ct. at 2372.

Sheldon asserts that Heck applies only to his claim for good-time credits, not to his claims for money damages. Under Heck, however, we disregard the form of relief sought and instead look to the essence of the plaintiff's claims. Miller, 75 F.3d at 331; see Heck, 114 S. Ct. at 2372. If success on the merits of a particular § 1983 claim would necessarily imply the invalidity of a disciplinary result lengthening the plaintiff's prison sentence, Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release. See 114 S. Ct. at 2369, 2372; see also id. at 2379 & n.4 (Souter, J., concurring) (referring to requirement that prisoner successfully overturn conviction or sentence before filing § 1983 action as "favorable termination").

Here, Sheldon essentially asserts he had a First Amendment right to communicate the remark about the warden, and thus, any

-3-

discipline for the remark is unconstitutional. If Sheldon is correct about the First Amendment, the result of the disciplinary proceeding is wrong and his punishment for the rule violation--both the loss of good-time credits and the disciplinary detention--is improper. Sheldon's good-time credits should be restored and his prison sentence would be shortened as a result. See Preiser v. Rodriquez, 411 U.S. 475, 487-88 (1973). Thus, Sheldon cannot bring any § 1983 claims that challenge the disciplinary result before the state or a federal habeas court invalidates the disciplinary ruling.

Contrary to Sheldon's assertion, his complaint does not present a First Amendment claim that is not based on the disciplinary action. According to Sheldon, his complaint seeks damages for the prison's interference with his mail. We disagree. In the complaint's statement of the claim, paragraph one alleges Hundley told Sheldon he "would stay in lock up" for writing the disrespectful comment. Paragraph two states Grabowski sent Sheldon a disciplinary notice charging him with violating prison rules. The third and final paragraph states Harper found Sheldon guilty of violating the ISP rule against verbal abuse and imposed the disciplinary penalties. As pleaded, Sheldon's First Amendment claims are so entangled with the propriety of the disciplinary result, which triggered the loss of good-time credits, that ruling in Sheldon's favor on First Amendment grounds would necessarily imply the invalidity of the disciplinary result and the lengthened sentence. Smith v. Straughn, No. 94-3325, 1995 WL 139432, at *1 (8th Cir. Apr. 3, 1995) (unpublished per curiam). Although Sheldon might have an independent First Amendment claim, he did not raise one in this complaint.

Sheldon asserts his complaint also presents a claim that he was disciplined in retaliation for exercising his First Amendment rights, and argues Heck's favorable termination requirement does not apply to retaliatory discipline claims. See Woods v. Smith, 60

-4-

F.3d 1161, 1164-66 (5th Cir. 1995), cert. denied, 116 S. Ct. 800 (1996). Liberally construing Sheldon's complaint, we conclude Sheldon has not alleged a retaliation claim or asserted facts presenting one. Sheldon does not dispute that he wrote the postcard, or suggest the ISP officials fabricated the disciplinary charges for revenge. See Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993), cert. denied, 114 S. Ct. 2684 (1994).

We note our decision does not preclude federal review of prison disciplinary rulings. Prisoners who challenge disciplinary rulings that lengthen their sentence can file federal habeas actions if a state tribunal does not overturn their disciplinary ruling, or can bypass federal habeas and file lawsuits under § 1983 if the ruling is invalidated by the state. See Preiser, 411 U.S. at 487, 490; Heck, 114 S. Ct. at 2369. Accordingly, if the state invalidates Sheldon's disciplinary ruling, he can file a § 1983 action for damages, but if the state does not overturn the ruling, Sheldon must file a federal habeas action and win before filing under § 1983. Indeed, in another case involving censure of outgoing mail under the same ISP rule, a prisoner whose good-time credits were revoked brought a First Amendment challenge under the federal habeas statute after unsuccessfully pursuing relief in state court. Leonard v. Nix, 55 F.3d 370, 372 (8th Cir. 1995). On the other hand, prisoners who challenge disciplinary rulings that do not lengthen their sentence are probably outside the habeas statute and able to seek damages under § 1983 without showing favorable termination in an authorized state tribunal or a federal habeas court. See Heck, 114 S. Ct. at 2379 n.4 (Souter, J., concurring). For example, if a prison only imposes disciplinary detention, removal of the detention record from an inmate's prison file might not affect the inmate's sentence. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995).

Having reviewed the district court's dismissal of Sheldon's complaint de novo, we affirm the dismissal, but modify it to be

without prejudice so Sheldon can refile his § 1983 claims if he favorably terminates the disciplinary ruling lengthening his sentence.  <u>Heck</u>, 114 S. Ct. at 2369, 2374; <u>Schafer</u>, 46 F.3d at 44-45.  The statute of limitations will pose no obstacle to refiling the § 1983 claims because the claims do not accrue until the disciplinary ruling has been invalidated.  <u>See</u> <u>Heck</u>, 114 S. Ct. at 2373-74.  Thus, federal courts should no longer stay prematurely filed § 1983 lawsuits, <u>see</u> <u>Offet v. Solem</u>, 823 F.2d 1256, 1261 (8th Cir. 1987), but should dismiss them without prejudice instead.  <u>Heck</u>, 114 S. Ct. at 2378-79 (Souter, J., concurring); <u>Smith</u>, 1995 WL 139432, at *1.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.