_____

No. 96-2385
_____

Thomas Grady,                         *
                                      *
          Appellant,                  *
                                      *
     v.                               *
                                      *
M. Aud, CO-I Officer, Cummins         *   Appeal from the United States
Unit, Arkansas Department of          *   District Court for the
Correction; Blankenship,              *   Eastern District of Arkansas.
Disciplinary Court Judge,             *
Cummins Unit, Arkansas                *        [UNPUBLISHED]
Department of Correction; M.D.        *
Reed, Warden, Cummins Unit,           *
Arkansas Department of                *
Correction,                           *
                                      *
          Appellees.                  *


                       _____

          Submitted:  June 27, 1996

              Filed:  July 12, 1996
                       _____

Before BOWMAN, HEANEY, and BEAM, Circuit Judges.
                       _____

PER CURIAM.

     Arkansas inmate Thomas Grady brought a 42 U.S.C. § 1983 action
against prison officials, alleging they deprived him of good-time credit
based on a false prison disciplinary.  The district court[1] dismissed
Grady's claim as frivolous, citing Heck v. Humphrey, 114 S. Ct. 2364
(1994).  Grady appeals.

---

     [1] The Honorable William R. Wilson, Jr., United States District
Judge for the Eastern District of Arkansas, adopting the report and
recommendations of the Honorable Henry L. Jones, Jr., United States
Magistrate Judge for the Eastern District of Arkansas.

After the district court ruled, we held that <u>Heck</u> bars section 1983 damage claims for loss of good-time credit until the claimant has had the disciplinary proceeding invalidated. <u>Sheldon v. Hundley</u>, 83 F.3d 231, 233 (8th Cir. 1996). Absent any allegation that Grady has successfully challenged the disciplinary decision, his claim is not cognizable under section 1983.

Accordingly, the district court's judgment is affirmed. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.