_____

No. 96-1774
_____

John Henry Sheppard,          *
                              *
          Appellant,          *
                              *
     v.                       *   Appeal from the United States
                              *   District Court for the
Larry G. Hicks, Lt., CO-III   *   Eastern District of Arkansas
Officer, Jefferson Correction *
Facility, Arkansas Department  *        [UNPUBLISHED]
of Correction,                *
                              *
          Appellee.           *


_____

          Submitted:  December 4, 1996

             Filed:  December 17, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     John Henry Sheppard appeals from the final judgment of the
District Court[1] for the Eastern District of Arkansas dismissing
with prejudice his 42 U.S.C. § 1983 action.  For the reasons
discussed below, we modify the dismissal to be without prejudice
and affirm the judgment as modified.


     Sheppard filed a complaint alleging that while he was an
inmate at the Jefferson County Correctional Facility (JCCF),

_____

     [1]The Honorable Stephen M. Reasoner, Chief Judge, United States
District Court for the Eastern District of Arkansas, adopting the
report and recommendations of the Honorable Henry L. Jones, Jr.,
United States Magistrate Judge for the Eastern District of
Arkansas.

Lieutenant Larry Hicks issued him three conduct violations, and sprayed mace in his face three times for no reason.  Sheppard sought damages, restoration of 365 days of good time credit and his class status.  The magistrate judge ordered the case continued for 120 days to allow Sheppard to exhaust his administrative remedies under 42 U.S.C. § 1997e(a)(1), and required Sheppard to notify the court of his efforts, or risk dismissal.

After the 120 days had expired, Hicks moved to dismiss the complaint, arguing that Sheppard had not fully exhausted his administrative remedies.  Sheppard opposed the dismissal, stating that he filed a grievance with the JCCF warden, the warden and the assistant director in Pine Bluff, but to no avail; and that he had no further remedies.  The district court, adopting the magistrate judge's report, dismissed the action with prejudice.  Sheppard appeals.

Exhaustion of administrative remedies is generally not required under section 1983.  Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam).  Without deciding whether Sheppard has made a reasonable and good faith attempt to exhaust under 42 U.S.C. § 1997e, see Arvie v. Stalder, 53 F.3d 702, 705-06 (5th Cir. 1995), or whether further exhaustion may have been futile, we conclude that dismissal is nonetheless proper under Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994) (Heck).  Because Sheppard has requested restoration of good time credits, Heck applies.  See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) (if success on merits of § 1983 claim would imply invalidity of disciplinary result lengthening plaintiff's time spent in prison, Heck requires favorable termination of action in authorized state tribunal or federal habeas court).  Consequently, dismissal should be without prejudice.  See id. at 234.

Accordingly, we modify the judgment to be without prejudice and affirm the judgment of the district court as mofidied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.