**UNITED STATES COURT OF APPEALS**

**FOR THE EIGHTH CIRCUIT**

_____

No. 95-4037

_____

| | | |
|---|---|---|
| Robert Driscoll, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Larry Youngman, | * | |
| | * | Appeal from the United States |
| Defendant, | * | District Court for the |
| | * | Eastern District of Missouri |
| Paul K. Delo; Fred Johnson; | * | |
| George E. White; Don Roper, | * | {UNPUBLISHED} |
| | * | |
| Appellees, | * | |
| | * | |
| Mike Rawson, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted:    August 3, 1996

Filed:    September 22, 1997

_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Robert Driscoll appeals from the final judgment of the United States District Court[1] for the Eastern District of Missouri granting summary judgment to prison officials in this 42 U.S.C. § 1983 action. For the reasons discussed below, we affirm.

Driscoll, an inmate at the Potosi Correctional Center (PCC), filed a complaint alleging, inter alia, that on September 14, 1992, defendant Larry Youngman issued him a false conduct violation (CV) charging him with violating Rule #5--Riot--by "being present" at an August 16 incident and "supporting those inmates who were fighting." Driscoll appeared at a September 22 disciplinary hearing, at which defendants Fred Johnson and George White found him guilty and sentenced him to thirty days in disciplinary segregation, referred the matter for criminal prosecution, and recommended referral to administrative segregation. Defendant Don Roper approved the action. Driscoll alleged that the CV did not state any facts supporting the violation, and he was never advised what evidence defendants relied on to support the guilt finding. Driscoll also challenged the conditions of his confinement, claiming he was denied meaningful exercise, natural light, and adequate time in the library.

Adopting the magistrate judge's[2] recommendations, the district court dismissed as legally frivolous Driscoll's claims that he was denied access to the courts and natural light, but allowed him to proceed in forma pauperis on the other claims. Defendants then moved for summary judgment, and submitted documentary evidence in support thereof. Driscoll also moved for summary judgment, asserting that he spent 135 days in the "hole," and arguing that the evidence submitted in defendants' summary

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

[2]The Honorable Catherine D. Perry, then United States Magistrate Judge for the Eastern District of Missouri, now United States District Judge for the Eastern District of Missouri.

judgment motion conclusively established he was entitled to judgment as a matter of law.

On October 31, 1994, the district court granted judgment as a matter of law to Driscoll on his due process claim, concluding that there was not "some evidence" to support the guilt determination. The district court further concluded defendants were not entitled to qualified immunity, and postponed a determination of damages for the time Driscoll spent in disciplinary and administrative segregation. Defendants moved to reconsider this grant of summary judgment.

On July 31, 1995, defendants supplemented their motion for summary judgment, arguing that in light of the Supreme Court's decision in Sandin v. Conner, 515 U.S. 472 (1995) (Sandin), Driscoll had no liberty interest in remaining free from segregation because he did not show it resulted in an atypical or significant deprivation falling outside the expected parameters of the sentence imposed. The district court agreed and granted defendants' summary judgment.

Driscoll's argument that Sandin v. Conner is not retroactive is foreclosed by this court's decision in Callender v. Sioux City Residential Treatment Facility, 88 F.3d 666, 669 n.2 (8th Cir. 1996).

The Court in Sandin recognized that

States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

<u>Sandin</u>, 515 U.S. at 483-84 (citations omitted).

Here, Driscoll's allegation that he spent a total of 135 days in disciplinary and administrative segregation did not alone constitute an "atypical and significant hardship" when compared to the "ordinary incidents of prison life." <u>See</u> <u>id.</u> at 486; <u>Freitas v. Ault</u>, 109 F.3d 1335, 1338 (8th Cir. 1997).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.