United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-1642

Curtis Howard,                                    *
                                                 *
            Appellant,                           *
                                                 *
       v.                                        *
                                                 *
B.E. Collins, Assistant Warden,                  *
Cummins Unit, Arkansas Department of             *
Correction; A.J. Hall, Building Major,           *    Appeal from the United States
Cummins Unit, Arkansas Department of             *    District Court for the
Correction; Bill Terry, Classification           *    Eastern District of Arkansas.
Supervisor, Cummins Unit, Arkansas               *
Department of Correction; Lori Freeman,          *         [UNPUBLISHED]
Ms., Classification Officer, Cummins             *
Unit, Arkansas Department of                     *
Correction; D.W. Tate, Captain,                  *
Cummins Unit, Arkansas Department                *
of Correction; Chester Cornell, Mental           *
Health, Cummins Unit, Arkansas                   *
Department of Correction,                        *
                                                 *
            Appellees.                           *

_____

Submitted: November 4, 1997
Filed: November 17, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Curtis Howard, an Arkansas inmate, appeals the adverse grant of summary judgment by the district court in this 42 U.S.C. § 1983 action. We affirm in part and reverse and remand in part.

Howard alleged that defendant members of a prison classification committee at the Cummins Unit of the Arkansas Department of Correction (Cummins) had violated his due process and equal protection rights by reassigning him from protective custody to administrative segregation (ad seg) in November 1995, where he remained until he was transferred out of Cummins in July 1996. Howard, who is African-American, asserted he was placed in ad seg after a white inmate falsely accused Howard of stealing the inmate's "commissary coupon book." Howard alleged that protective custody consisted of 80-90% white inmates, and that defendants knew that white inmates lie to get black inmates out of the protective custody barracks, and knew that his white accuser had lied for this purpose. Howard further alleged defendants knew placing him in ad seg subjected him to danger because, inter alia, he was forced to cell with "known gang members," even though he had previously been in an altercation with gang members who accused him of being a "snitch."

Defendants moved for summary judgment, addressing only Howard's due process claim. The district court granted summary judgment, concluding that under Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995), Howard had failed to prove a liberty interest in remaining in protective custody. The court also concluded Howard had failed to make out an equal protection claim because he had failed to demonstrate that he was similarly situated to any white inmates who were treated differently than him.

We conclude that the district court properly granted summary judgment in favor of defendants on Howard's due process claim, as Howard did not allege how his eight-month stint in ad seg presented an atypical and significant hardship in relation to the

ordinary incidents of prison life at Cummins. See Sandin, 115 S. Ct. at 2300-01; Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997); Wycoff v. Nichols, 94 F.3d 1187, 1188, 1190 (8th Cir. 1996). We also conclude Howard's failure-to-protect allegations were insufficient to create an inference defendants were aware of an identifiable serious risk to Howard's safety. See Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994); Davis v. Scott, 94 F.3d 444, 446-47 (8th Cir. 1996).

We conclude the district court erred, however, in dismissing sua sponte Howard's equal protection claim. Howard's allegation, liberally construed, charges that defendants are involved in a conspiracy with white protective custody inmates for the purpose of creating a segregated white protective custody unit. A policy of deliberate racial segregation of prisoners could constitute an equal protection violation. See Lee v. Washington, 390 U.S. 333, 334 (1968) (affirming determination that Alabama statutes requiring racial segregation in prisons violate Fourteenth Amendment); Harris v. Greer, 750 F.2d 617, 618-19 (7th Cir. 1984) (allegation that prison officials repeatedly denied black prisoner's request for white cell mate while in protective custody stated equal protection claim); cf. Foster v. Wyrick, 823 F.2d 218, 221 (8th Cir. 1987) (absent allegation of intentional discrimination, equal protection claim not stated by allegation that facially neutral prison employment practices had discriminatory impact on black inmates). Thus, we cannot say there is no set of facts Howard could prove in support of his equal protection claim that would entitle him to relief. See Carney v. Houston, 33 F.3d 893, 894 (8th Cir. 1994) (per curiam).

We conclude that the district court acted within its discretion when it denied Howard's motion for appointment of counsel, see Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (standard of review; factors to be considered), cert. denied, 504 U.S. 930 (1992), and decided defendants' summary judgment motion without compelling defendants to comply with Howard's discovery requests, or allowing Howard to amend his complaint, see Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995) (standard of review).

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.