# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-2515

_____

Barry Lamont Johnson,                               *
                                                    *
                    Appellant,                       *
                                                    *
        v.                                           *
                                                    *
M. D. Reed, Warden, Arkansas                         *
Department of Correction; Robert                     *
Clark, Disciplinary Hearing                          *
Administrator, Arkansas Department                   *   Appeal from the United States
of Correction; James Byers,                          *   District Court for the
Disciplinary Hearing Officer,                        *   Eastern District of Arkansas.
Arkansas Department of Correction;                   *
T. S. Falls, Lt., Cummins Unit,                      *        [UNPUBLISHED]
Arkansas Department of Correction;                   *
C. Wade, Sgt., Cummins Unit,                         *
Arkansas Department of Correction;                   *
Larry Norris, Director, Arkansas                     *
Department of Correction,                            *
                                                    *
                    Appellees.                       *

_____

Submitted: June 5, 1998
Filed: June 15, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Barry Lamont Johnson appeals from the district court's order staying, pending exhaustion of his state remedies, his 42 U.S.C. § 1983 action, alleging that prison officials violated his Eighth Amendment rights by denying him medical treatment and failing to protect him from harm, and that prison officials disciplined him for a grievance he did not write, resulting in the loss of good time credits. Johnson sought damages and restoration of his good time. We reverse in part, and modify the stay order in part to a dismissal without prejudice.

We conclude the district court correctly construed Johnson's claim regarding his disciplinary action as including a challenge to the length of his confinement, for which Johnson must first exhaust his state remedies. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). We modify the stay order, however, to dismiss this claim without prejudice. See id. at 489; Sheldon v. Hundley, 83 F.3d 231, 234 (8th Cir. 1996) (courts should dismiss without prejudice rather than stay § 1983 action, because § 1983 limitations period does not begin to run until disciplinary action invalidated).

We conclude, however, that the district court erred in staying Johnson's Eighth Amendment claim concerning a denial of medical treatment and a failure to protect him from harm. Because a ruling in Johnson's favor on this claim would not "necessarily imply" any right to restoration of good time, we reverse in part and remand for further proceedings on Johnson's Eighth Amendment claim. See Heck, 512 U.S. at 487 & n.7; Bressman v. Farrier, 900 F.2d 1305, 1308 (8th Cir.1990), cert. denied, 498 U.S. 1126 (1991).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.