# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3999

_____

| | | |
|---|---|---|
| Reginald R. Early, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| J. Blankenship, Disciplinary Hearing | * | District of Arkansas. |
| Officer, Arkansas Department of | * | |
| Correction; M. D. Reed, Warden, | * | [UNPUBLISHED] |
| Cummins Unit, Arkansas Department | * | |
| of Correction, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 11, 2000

Filed: July 21, 2000

_____

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Reginald R. Early filed a 42 U.S.C. § 1983 action against the Disciplinary Hearing Officer and the Warden of the Arkansas Department of Corrections Cummins Unit, claiming the officers failed to give Early adequate notice of the disciplinary proceedings against him in violation of due process. The district court dismissed Early's suit for failure to state a claim and Early appeals. Even though Early claims

damages, rather than earlier release, a judgment in favor of Early "would necessarily imply the invalidity of [the] disciplinary result lengthening [Early's] prison sentence," Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996); accord Heck v. Humphrey, 512 U.S. 477, 487 (1994), and Early cannot "use a suit for damages to avoid established procedures, like habeas corpus, for challenging the lawfulness of the fact or length of confinement," Sheldon, 83 F.3d at 233. Thus Early cannot bring a § 1983 action challenging the results of the disciplinary proceeding until a state or a federal habeas court has invalidated the disciplinary ruling. See id.; accord Heck, 512 U.S. at 487. The district court properly dismissed Early's § 1983 action. Early's motion for appointment of counsel is denied. We affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.