**Richard DIAZ, Plaintiff,**

v.

**C.A. TERHUNE, et al., Defendants.**

**No. C 01–00281 PJH (PR).**

United States District Court,
N.D. California.

April 26, 2001.

Richard Diaz, Vacaville, CA, pro se.

## ORDER OF DISMISSAL

HAMILTON, District Judge.

Plaintiff, an inmate at California State Prison–Solano, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

## BACKGROUND

Plaintiff contends that as a result of his violations of the Department of Correction's grooming policy, defendants have placed him in an inmate classification status in which he cannot earn good time credits. He also asserts supplemental state law claims.

## DISCUSSION

A. *Standard of Review*

■ Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2).

■ To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a per-

son acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

B. *Legal Claims*

Plaintiff contends that defendants have had various roles in causing him to be reclassified from status A 1–A, in which he earned good time credits, to status C, in which he does not. The reclassification occurred because of disciplinary convictions for refusal to comply with the department's grooming policy. He asserts that the reclassification violated his constitutional rights.

■ The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 486–487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *See id.*

■ *Heck* has been applied beyond cases which involve a challenge to the fact of conviction or to the sentence as imposed by a court. For instance, it applies to disciplinary decisions that involve a loss of good time credits. *See Sheldon v. Hundley,* 83 F.3d 231, 233 (8th Cir.1996). Although Plaintiff here does not challenge the disciplinary decisions themselves, he does contend that his constitutional rights were violated in the prison authorities' calculation of his appropriate classification

status, which is analogous. *Cf. Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir.1997) (*Bivens* case alleging miscalculation of sentence). If he is successful here, the validity of his continued confinement would necessarily be implicated. The Court concludes that the *Heck* doctrine applies to bar claims such as this.

 When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his continued confinement; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *See Heck,* 512 U.S. at 487, 114 S.Ct. 2364. Plaintiff does not allege that the classification decision has been set aside and his good time credits restored in another forum; indeed, part of the relief he requests is that this Court order their restoration.[1] Therefore, this complaint fails to state a cognizable claim under § 1983 and must be dismissed. *See Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995) (claims barred by *Heck* may be dismissed sua sponte without prejudice). In view of the dismissal of the federal claims, the Court declines to retain supplemental jurisdiction of the state law claims. *See* 28 U.S.C. § 1367(c).

### CONCLUSION

For the foregoing reasons plaintiff's claims are DISMISSED without prejudice to asserting them in a new case if a cause of action ever accrues.[2] Plaintiff's application for leave to proceed in forma pauperis is DENIED.

The Clerk shall close the file.

IT IS SO ORDERED.

---

1. To the extent plaintiff seeks injunctive relief going to the duration of his confinement, his sole remedy is to file a petition for writ of habeas corpus, *see Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), after he exhausts state judicial remedies, *see Granberry v. Greer,* 481 U.S. 129, 134, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987).

Any such claim is therefore dismissed without prejudice. *See Trimble,* 49 F.3d at 586.

2. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck,* 512 U.S. at 489–90, 114 S.Ct. 2364 (footnote omitted).