# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1923

_____

Brother Patrick Portley-El,      *
         *
    Plaintiff - Appellant,      *
         *   Appeal from the United States
    v.      *   District Court for the
         *   District of Minnesota.
Hoyt Brill, et al.,      *
         *
    Defendants - Appellees.      *

_____

Submitted: November 14, 2001

Filed: May 1, 2002

_____

Before LOKEN, LAY, and HEANEY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Colorado inmate Brother Patrick Portley-El, an African-American, was disciplined for hitting a white inmate with a baseball bat during a racial disturbance at the Minnesota correctional facility where Portley-El was incarcerated. He brought this § 1983 action against six prison officials, alleging that his rights to due process and equal protection were violated by the disciplinary proceedings. The district court dismissed all claims under Sandin v. Conner, 515 U.S. 472 (1995), and Heck v. Humphrey, 512 U.S. 477 (1994). Portley-El appeals. We affirm.

# I.

During the racial disturbance, a black inmate attacked one or more white inmates with an aluminum softball bat in the prison recreation yard. Minnesota prison officials accused Portley-El of wielding the bat. After a July 1998 hearing at which conflicting evidence was presented, the hearing board found Portley-El guilty of the charge and sentenced him to thirty days in punitive segregation plus the loss of forty-five days of good time credits. Warden Hoyt Brill upheld the disciplinary conviction on administrative appeal. While Portley-El was serving his term of punitive segregation, Colorado Department of Corrections officials came to Minnesota and held a special classifications hearing, following which his medium security classification was changed to Maximum Security, Administrative Segregation, as a result of this incident. Portley-El was later returned to Colorado under that more restrictive security classification.

Portley-El commenced this § 1983 action against four Minnesota and two Colorado prison officials, alleging that his right to due process was violated at both the Minnesota and Colorado disciplinary proceedings, and that Warden Brill violated Portley-El's right to equal protection by charging and convicting him on account of his race. Portley-El filed a 96-page complaint, together with motions for partial summary judgment and a preliminary injunction, briefs and declarations in support of those motions, and a statement of undisputed facts. For relief, Portley-El sought the expunging of the disciplinary conviction, restoration of his good time credits and all other privileges, suspension of his administrative segregation classification in Colorado, and money damages.

After screening Portley-El's pleadings in accordance with 28 U.S.C. § 1915A, Magistrate Judge Jonathan Lebedoff recommended that the due process claims be dismissed because (i) thirty days in punitive segregation is not an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life" that would

give rise to a constitutionally protected liberty interest under <u>Sandin</u>, 515 U.S. at 484; and (ii) habeas corpus is the exclusive federal remedy for a loss of good time credits under <u>Heck</u>, 512 U.S. at 483. District Judge Richard H. Kyle adopted that recommendation over Portley-El's objections. After further motion practice, Magistrate Judge Lebedoff recommended that the equal protection claim against Warden Brill be dismissed as <u>Heck</u>-barred. Judge Kyle again adopted that recommendation. Portley-El appeals both rulings. We review the dismissals *de novo*. <u>See</u> <u>Powells v. Minnehaha County Sheriff Dep't</u>, 198 F.3d 711, 712 (8th Cir. 1999).

## II.

Portley-El argues that the district court erred in dismissing his due process claims under <u>Sandin</u> because whether prison discipline "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" is a fact question unsuitable for resolution solely on the basis of an inmate's complaint. We agree that atypical and significant hardship is a question of fact that may require a fuller record than the initial complaint. But here, Portley-El filed hundreds of pages of initial pleadings in which he complained that he was subject to thirty days punitive segregation in Minnesota -- precisely the discipline at issue in <u>Sandin</u> -- plus reclassification to administrative segregation in Colorado. These lengthy pleadings did not allege a liberty interest, did not describe Portley-El's conditions of confinement in Minnesota punitive segregation or Colorado administrative segregation, and did not allege that those conditions were atypical and significant hardships in relation to the ordinary incidents of his prison life. Even after Magistrate Judge Lebedoff recommended dismissing the due process claims for failure to plead a liberty interest under <u>Sandin</u>, Portley-El's objections to the district court made no effort to cure this defect, instead treating the liberty interest issue as though <u>Sandin</u> had never been decided.

An inmate who makes a due process challenge to his segregated confinement "must make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'" Sims v. Artuz, 230 F.3d 14, 22 (2d Cir. 2000). Thus, Portley-El's due process claims were defectively pleaded.[1] We have consistently held that administrative and disciplinary segregation are not atypical and significant hardships under Sandin. See Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997); Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996). Given the likelihood that neither thirty days in punitive segregation in Minnesota nor Portley-El's initial reclassification to a maximum security classification in Colorado was in fact an atypical and significant hardship, the district court did not err in dismissing those claims under 28 U.S.C. § 1915A for failure to state a claim under Sandin. Of course, the dismissal of this action does not preclude Portley-El from bringing an action in the District of Colorado alleging and seeking to prove that he is being confined in that State for an indefinite period of time under maximum security conditions, resulting in an atypical and significant hardship that does not comport with due process.

## III.

Portley-El further argues the district court erred in dismissing his due process and equal protection damage claims as Heck-barred. The rule in Heck is grounded in the federal policy that state inmates must exhaust state remedies before seeking federal habeas relief, codified at 28 U.S.C. § 2254(b)(1)(A). In Preiser v. Rodriguez, 411 U.S. 475, 488-92 (1973), the Supreme Court recognized that it would frustrate this policy if inmates could attack the validity or length of their confinement in a

---

[1]To the same effect, two of our unpublished decisions have upheld the dismissal of due process claims in which inmates failed to allege how their confinement in administrative segregation imposed atypical and significant hardship. See Howard v. Collins, 129 F.3d 121, 1997 WL 710314 (8th Cir.); Hemphill v. Delo, 124 F.3d 208, 1997 WL 581072 (8th Cir.).

§ 1983 action, without first exhausting state remedies.  Accordingly, because good time credits affect the length of an inmate's confinement, the Court held in <u>Preiser</u> that habeas corpus, not § 1983, is the exclusive federal remedy when a state prisoner seeks restoration of good time credits taken away by a prison disciplinary proceeding.

Here, Portley-El's § 1983  complaint sought  restoration of forty-five days of good time credit.  The district court properly dismissed this claim as barred by <u>Preiser</u>.  <u>See</u> <u>Blair-Bey v. Nix</u>, 919 F.2d 1338, 1339 (8th Cir. 1990), <u>cert. denied</u>, 502 U.S. 899 (1991).  Portley-El also sued for other relief -- expunging of his disciplinary conviction, restoration of privileges such as his prison job, suspension of his administrative segregation classification in Colorado, and money damages.  <u>Preiser</u> did not address whether these claims are also barred, and lower federal courts struggled with the issue for many years, as illustrated by our divided opinion in <u>Offet v. Solem</u>, 823 F.2d 1256 (8th Cir. 1987).  The Supreme Court clarified matters in <u>Heck v. Humphrey</u>, extending <u>Preiser</u> to bar § 1983 actions for money damages -

> that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement . . . .
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a write of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  Under <u>Heck</u>'s "favorable termination" rule, a § 1983 action seeking damages for prison discipline that resulted in a loss of good

time credits does not arise until the inmate has successfully challenged that discipline through habeas or some other proceeding.

Appealing only the dismissal of his due process claim for damages, Portley-El argues that claim is not <u>Heck</u>-barred because it is a claim for which habeas relief is not available. By abandoning his claim for the restoration of good time credits, Portley-El attempts to bring himself within cases holding that <u>Heck</u> does not apply to § 1983 claims that do not affect the duration of an inmate's custody. <u>See</u> <u>Brown v. Plaut</u>, 131 F.3d 163, 167-68 (D.C. Cir. 1997); <u>Sheldon v. Hundley</u>, 83 F.3d 231, 234 (8th Cir. 1996) ("prisoners who challenge disciplinary rulings that do not lengthen their sentence are probably outside the habeas statute and able to seek damages under § 1983"). But the attempt is unavailing.

Portley-El seeks damages for two prison disciplinary rulings that deprived him of forty-five days of good time credits. In the district court, he sought restoration of those credits and other relief. In <u>Edwards v. Balisok</u>, 520 U.S. 641, 643-44 (1997), the Court applied <u>Heck</u> to a § 1983 damage action in which the inmate did not seek restoration of good time credits to avoid being out of court under <u>Preiser</u>. Thus, <u>Edwards</u> confirms that Portley-El's due process damage claim would be <u>Heck</u>-barred even if he had never requested restoration of his good time credits. Under <u>Heck</u>, "we disregard the form of relief sought and instead look to the essence of the plaintiff's claims." <u>Sheldon</u>, 83 F.3d at 233. Because Portley-El seeks damages for the *imposition* of discipline that included the loss of good time credits, his damage claim challenges "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and is <u>Heck</u>-barred. 512 U.S. at 486.[2]

_____

[2]Because Portley-El seeks damages based on the result of his disciplinary proceedings, his damage claim falls outside the limited <u>Heck</u> exception for § 1983 claims "challenging disciplinary proceedings for using wrong procedure." <u>Ellis v. Bolin</u>, 208 F.3d 1068 (8th Cir. 2000).

Finally, Portley-El argues that his equal protection claim against Warden Brill is not subject to Heck's "favorable termination" rule because equal protection focuses on discriminatory treatment, not on the process due in prison disciplinary proceedings. But that is not a relevant distinction. The rule in Heck covers any § 1983 claim that would "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." 512 U.S. at 486. Thus, the relevant inquiry is not the constitutional underpinning of the inmate's § 1983 cause of action.

In Sheldon, we held that Heck barred a § 1983 damage claim under the First Amendment because, if the claim were upheld, "the result of the disciplinary proceeding is wrong and his punishment for the rule violation -- both the loss of good-time credits and the disciplinary detention -- is improper." 83 F.3d at 233. Likewise, in this case, Portley-El seeks equal protection damages on the ground that Warden Brill charged and convicted him on account of his race. If Portley-El were to succeed on this claim, he would necessarily demonstrate Brill's bias in affirming his discipline, thereby rendering the disciplinary result invalid, including the loss of good time credits. See Edwards, 520 U.S. at 647 ("[a] criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him"). Thus, the equal protection claim, like the due process damage claim, is a direct attack on the validity of a disciplinary decision that resulted in the loss of good time credits. This claim, too, is Heck-barred.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-