**Not For Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 04-1351

FRED DEWITT,

Plaintiff, Appellant,

v.

A.T. WALL, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Selya, Lynch and Lipez,
Circuit Judges.

Fred DeWitt on brief pro se.
Patricia A. Coyne-Fague on Memorandum in Support of Motion for
Summary Affirmance.

December 30, 2004

**Per Curiam**.  Pro se appellant Fred DeWitt challenges a district court judgment dismissing his 42 U.S.C. § 1983 suit against various Rhode Island prison officials and employees.  After careful review of the record and briefs on appeal, we affirm for the following reasons.

1.  We affirm the dismissal of the denial of court access claim, essentially for the reasons given in the district court's Memorandum and Order dated August 19, 2003.  The court did not abuse its discretion in dismissing that claim as a sanction for DeWitt's behavior during a pre-trial conference.

2.  In affirming summary judgment for defendants on the retaliation claim, we rely substantially on the reasoning in the magistrate judge's report and recommendation dated January 22, 2004, which the district court adopted in its Memorandum and Order dated February 19, 2004.  Res judicata barred that claim because DeWitt initially pursued it unsuccessfully in his state court action; he then dropped the claim altogether, attempting to re-litigate it in federal court.  See DiBattista v. State of Rhode Island, 808 A.2d 1081, 1086 (R.I. 2002) (explaining that res judicata is intended to conserve courts' "finite resources" by eliminating "duplicative litigation," so that "a party defeated in one action may not maintain a later lawsuit based upon a ground that properly could have been asserted in the previous litigation") (citation omitted).

-2-

3. Regarding the grant of summary judgment in defendants' favor on the due process claims, we agree in part with the reasoning in the magistrate judge's report and recommendation dated January 22, 2004, which the district court adopted in its Memorandum and Order dated February 19, 2004. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (indicating that a due process liberty interest is implicated only where state action "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

But we direct the district court to amend its judgment to dismiss without prejudice the due process claims based on the disciplinary proceedings against DeWitt. The disciplinary decisions took away accrued good-time credits, and DeWitt sought expungement of those decisions, restoration of the lost credits, and damages for the allegedly wrongful disciplinary decisions. He could only obtain restoration of his credits in a habeas action, Portley-El v. Brill, 288 F.3d 1063, 1066 (8th Cir. 2002) (affirming 28 U.S.C. § 1915A dismissal of such claim) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-92 (1973)), and he could only seek damages under § 1983 after overturning such decisions. Id. (applying Heck v. Humphrey, 512 U.S. 477 (1994), to damages claim based on disciplinary decision that caused loss of good-time credits); see also Edwards v. Balisok, 520 U.S. 641, 646 (1997) (applying Heck's favorable termination rule to § 1983 damages claim

-3-

challenging the procedures used to deprive inmate of good-time credits).

The judgment of the district court is affirmed. The district court is directed to modify its dismissal of the due process claims based on the disciplinary decisions against appellant to be without prejudice. No costs are awarded.