# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1064

———————

Daniel Cincoski,                                    *
                                                    *
            Appellant,                              *
                                                    *
                                                    *   Appeal from the United States
      v.                                            *   District Court for the
                                                    *   Eastern District of Arkansas.
Richard, Dr., Grimes Unit, Arkansas                 *
Department of Correction; Daniels, Dr.,             *   [UNPUBLISHED]
Grimes Unit, ADC; Cash, Mrs.,                       *
Mental Health, Grimes Unit, ADC;                    *
Rogers, Mr., Mental Health, Grimes                  *
Unit, ADC,                                          *
                                                    *
            Appellees.                              *

———————

Submitted: May 12, 2011
Filed: June 9, 2011

———————

Before BYE, COLLOTON, and BENTON, Circuit Judges.

———————

PER CURIAM.

Arkansas inmate Daniel Cincoski appeals the district court's dismissal of his 42 U.S.C. § 1983 action without prejudice following an evidentiary hearing. We grant Cincoski leave to proceed *in forma pauperis* on appeal, and we affirm in part and reverse in part.

Cincoski, an inmate formerly housed at the Grimes Unit of the Arkansas Department of Correction (ADC), filed a complaint against Correctional Medical Services psychiatrist Dr. Shawn Richard, ADC psychologist Dr. June Daniels, and ADC mental health advisors Lisa Cash and Alan Rogers. In his amended complaint, Cincoski alleged that defendants failed to provide him proper mental-health care, which violated his Eighth Amendment rights, and which led to disciplinary convictions that resulted in the denial of parole eligibility and violated his due process rights. Cincoski also alleged that he was placed on suicide watch where the conditions of confinement were unconstitutional, as there was a camera in his cell; he was denied medication, shoes, clothes, underwear, or blankets; his cell was flooded and freezing; and he was fed gruel. Further, a non-defendant ADC employee strapped him tightly in a restraint chair and asphyxiated him; the denial of personal hygiene items caused him to develop canker sores, bleeding, and extreme pain for which medication was denied; and at some point the water in his cell was turned completely off. He requested damages and other relief, and a jury trial.

The district court dismissed the complaint following a pretrial evidentiary hearing held by the magistrate judge, finding that the relief sought would necessarily imply the invalidity of Cincoski's disciplinary convictions, and his claims were thus barred by Heck v. Humphrey, 512 U.S. 477 (1994). We affirm the dismissal without prejudice of the claims in which Cincoski sought restoration of good-time credits he lost because of his disciplinary convictions, or declaratory relief or damages based on those convictions. See Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997) (§ 1983 action for damages and declaratory relief based on prison disciplinary proceedings resulting in loss of good-time credit is barred if success would imply invalidity of punishment imposed); Portley-El v. Brill, 288 F.3d 1063, 1066-67 (8th Cir. 2002) (under Heck, § 1983 action seeking damages for prison discipline that resulted in loss of good-time credits does not arise until inmate has successfully challenged discipline through habeas or some other proceeding).

We also conclude, however, that Cincoski presented claims under the Eighth Amendment in which he did not challenge the disciplinary proceedings, and these claims were not barred by Heck. Specifically, Cincoski claimed in his amended complaint that the denial of his requested medication was in itself unconstitutional; that the conditions of confinement during suicide watch were unconstitutional; that the denial of personal hygiene items led to extreme pain, for which medication was denied; and that at some point he had no access to water in his cell. He provided further details of these claims in additional filings, and attempted to expand on the claims at the pretrial evidentiary hearing. Although defendants moved for summary judgment on Cincoski's claim that he was denied adequate medical care, they did not respond to the allegations about the allegedly unconstitutional conditions. We express no opinion as to whether summary judgment might be warranted on any of these claims, but we note that a case resolved through summary judgment does not count as a strike. See 28 U.S.C. § 1915(g) (prior case counts as strike if it was dismissed as frivolous, malicious, or failing to state a claim).

We grant Cincoski leave to proceed *in forma pauperis*. We affirm in part and reverse in part, and remand for further proceedings consistent with this opinion.

_____