# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1110

_____

Micah Sherif Matthews

*Plaintiff - Appellant*

v.

Linda Koechle; Patti Wachtendorf, Warden; Randy Van Wye, Investigator; Berl
Wilcox, Unit Manager; Paul Gager, Administrative Judge; Tom Melvin Jones, Jr.

*Defendants - Appellees*

Heather Hawk; Phil Evans; Mark Shanstrom, Captain

*Defendant*s

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: December 18, 2019
Filed: December 23, 2019
[Unpublished]

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Micah Sherif Matthews challenges the district court's[1] adverse grant of summary judgment.

Upon careful de novo review, we conclude that defendants were entitled to summary judgment. See Moore v. Plaster, 266 F.3d 928, 931 (8th Cir. 2001) (standard of review). Specifically, we agree that Matthews's claim for damages arising from an alleged search was barred by Heck v. Humphrey, 512 U.S. 477 (1994); given that, in disciplinary proceedings, his allegations regarding the search were found to be false, and he was sanctioned with the loss of earned time. See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) (Heck applies to disciplinary proceedings that affect length of prisoner's sentence). Although Matthews is serving a sentence of life without parole, we note that his sentence could be commuted to a term of years. See Iowa Code § 902.2 (life-without-parole sentence may be commuted by governor to term of years); cf. Blair-Bey v. Nix, 919 F.2d 1338, 1339 (8th Cir. 1990) (per curiam) (federal court in § 1983 action should not deprive state court of opportunity to address claim challenging loss of good-time credits where there is possibility of commutation of life sentence to term of years).

We further conclude that summary judgment was proper as to Matthews's claim of retaliation because the disciplinary sanction was supported by some evidence that he made false statements about the search. See Hartsfield v. Nichols, 511 F.3d 826, 829-30 (8th Cir. 2008) (inmate may maintain cause of action for retaliatory discipline under § 1983; retaliation claim fails if conduct violations were issued for actual violation of prison rule; prison disciplinary violations are valid when they are supported by some evidence).

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Accordingly, the judgment is affirmed, but we modify the judgment on the Heck-barred claim to be without prejudice. See 8th Cir. R. 47B; Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (dismissal of Heck-barred claims should be without prejudice).

_____