# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2669
_____

Michael L. Anderson

*Plaintiff - Appellant*

v.

Wendy Kelley, Former Director; Dexter Payne, Director, ADC; William Straughn, Deputy Director, ADC; Jared Bryers, Warden, Tucker Maximum Security Unit, ADC; Claudia Harris, Deputy Warden, Tucker Maximum Security Unit, ADC; Danny Berl, Former Warden; Richard T. Ball, Warden; Aundrea Culclager, Warden; Raymond Naylor, Disciplinary Hearing Administrator; Justine Minor, Disciplinary Hearing Officer, ADC; Keith L. Waddle, Disciplinary Hearing Officer, ADC; Cordall Atkins, Major; Rodney Ford, Major, Tucker Maximum Security Unit, ADC; Everett G. Litzsey, Jr., Captain, Tucker Maximum Security; Cynthia Gaines, Sergeant (Former Corporal), Tucker Maximum Security Unit, ADC; Devanta Brewer, Sergeant (Former Corporal), Tucker Maximum Security Unit, ADC; Shane Omealia, Corporal, Tucker Maximum Security Unit, ADC; Ivory T. McDaniel, Former Lieutenant; Regina Stewart, Seargeant, Tucker Maximum Security Unit, ADC; Erica Stewart, Nurse

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 8, 2021
Filed: September 16, 2021
[Unpublished]
_____

Before COLLOTON, GRUENDER, and STRAS, Circuit Judges.
_____

PER CURIAM.

Arkansas prisoner Michael Anderson appeals the district court's pre-service dismissal of his 42 U.S.C. § 1983 action, in which he alleged that he received prison discipline in retaliation for filing a grievance, and in violation of his due process rights. Following careful de novo review, *see Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (holding that dismissal under 28 U.S.C. § 1915A for failure to state a claim is reviewed de novo), we affirm in part and reverse in part.

We conclude that the district court did not err in dismissing Anderson's retaliation claim, as the disciplinary report constituted "some evidence" upon which the disciplinary violations were based. *See Hartsfield v. Nichols*, 511 F.3d 826, 829-31 (8th Cir. 2008) (holding that a retaliation claim fails if there is "some evidence" that the inmate violated a prison rule; stating that a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as "some evidence" upon which to base a prison disciplinary violation, if the violation is found by an impartial decision-maker).

We conclude, however, that the district court erred in dismissing Anderson's due process claims as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that, to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, § 1983 plaintiff must prove that the conviction or sentence has been invalidated). While *Heck* applies in cases where the prisoner's challenge to a prison disciplinary decision would threaten his underlying criminal conviction or the duration of his sentence, Anderson did not state that he lost any good-time credit as a result of his disciplinary convictions. *See Edwards v. Balisok*,

520 U.S. 641, 645-48 (1997) (extending *Heck* to prison disciplinary proceedings that result in loss of good-time credits); *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam) (holding that *Heck*'s requirement to resort to state litigation and federal habeas before pursuing § 1983 action is not implicated by prisoner's challenge to disciplinary proceeding that threatens no consequence for his criminal conviction or the duration of his sentence); *Sheldon v. Hundley*, 83 F.3d 231, 234 (8th Cir. 1996) ("[P]risoners who challenge disciplinary rulings that do not lengthen their sentence are probably outside the habeas statute and able to seek damages under § 1983 without showing favorable termination in an authorized state tribunal or a federal habeas court."); *cf. Robertson v. Kelley*, No. 18-CV-00288, 2020 WL 1068352, at *3 (E.D. Ark. Feb. 20, 2020) (holding that *Heck* barred claim for monetary damages where inmate lost over one year of good-time credit as a result of disciplinary conviction), *report and recommendation adopted*, 2020 WL 1068122 (E.D. Ark. March 5, 2020), *summarily aff'd sub nom. Robertson v. Payne*, No. 20-1621, 2020 WL 5646435 (8th Cir. July 29, 2020).

We do not decide whether Anderson properly stated a due process claim. He alleges that he did not receive fair notice of the specific allegations against him because he was ordered to pay $10,989.83 in restitution despite not being charged with destruction of property. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). He further alleges that he was not able to mount an adequate defense because he could not call live witnesses at his disciplinary hearing. *See Turner v. Caspari*, 38 F.3d 388, 391 (8th Cir. 1994) ("[P]rison officials may not arbitrarily deny an inmate's request to call witnesses."). The district court never reached the merits of Anderson's due process claim. Accordingly, we remand for the district court to address the merits of that claim in the first instance. *See Iowa Right to Life Comm., Inc. v. Tooker*, 717 F.3d 576, 604 (8th Cir. 2013) (reversing dismissal and remanding for district court to consider merits of constitutional claim in the first instance).

Accordingly, we affirm in part, reverse in part, and remand the case for further proceedings consistent with this opinion. We also vacate the district court's assessment of a strike under 28 U.S.C. § 1915(g).

―――――――――――――――――